UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYLING LACEY,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY,<br><br>    Respondent.<br>_____/ | No. C 09-1004 SI (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

## INTRODUCTION

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on grounds of untimeliness. (See Docket No. 6.) For the reasons set forth below, respondent's motion is GRANTED and the petition DISMISSED.

## BACKGROUND

On August 15, 2006, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole, and that decision became final on December 13, 2007. In response to the Board's decision, petitioner sought, though was denied, relief on collateral state review. This federal habeas petition followed. Respondent moves to dismiss the petition as untimely in that it was filed outside of AEDPA's one year statute of limitations, specifically on February 19, 2009,

more than a year after the Board's decision became final, and is therefore time-barred. (Resp't's Mot. to Dismiss ("MTD") at 1.)

## DISCUSSION

**A.     Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Timeliness of the Petition**

The following facts are undisputed. The Board found petitioner unsuitable for parole on August 15, 2006. Respondent concedes that the decision became final on December 13, 2006. (See MTD at 2; Pet., Ex. D at 47.) Petitioner, then, had until December 14, 2007 to file a timely federal habeas petition. Petitioner filed the instant petition on February 19, 2009. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations, § 2244(d), because petitioner did not file by the December 14, 2007 deadline.

2

**C.     Statutory and Equitable Tolling**

   **1.     Statutory Tolling**

Petitioner is entitled to equitable tolling of the statute of limitations during the time he pursued his state remedies. The relevant facts are as follows. The Board's decision became final on December 13, 2006. 225 days later, petitioner filed his first state habeas petition on July 15, 2007, in the state superior court. After the state superior court and then the state appellate court denied his habeas petitions, petitioner filed a petition in the California Supreme Court, which denied his petition on June 18, 2008. 246 days later, on February 19, 2009, petitioner filed the instant federal habeas petition. The total delay in filing in this Court was 471 days, which is the sum of the 225 day delay between the parole decision and the filing of the first state habeas petition, and the 246 day delay between the issuance of the California Supreme Court's decision and the filing of the instant federal habeas petition.

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. See § 2244(d)(2).

The petition is untimely, even with the application of statutory tolling. As discussed above, the petition was filed, taking tolling into account, 471 days after the Board's parole decision, which is clearly beyond the one year AEDPA statute of limitations.

Petitioner makes two arguments in his opposition to the motion to dismiss that warrant discussion. First, he contends that under a state court rule, the California Supreme Court's decision did not become final until July 17, 2008, thirty days after that court issued its ruling. (Petitioner's Opp. to MTD ("Opp.") at 4.) This contention is no longer supported by the relevant state court rule. Effective January 1, 2003, the rule was amended to provide that an order denying a petition for a writ of habeas corpus becomes final upon filing. See Cal. Rule of Court 8.532(b)(2)(C). Accordingly, the California Supreme Court's decision was final on the date it was filed, that is, June 18, 2008.

Second, petitioner contends that he is entitled to equitable tolling for the ninety days after

3

the California Supreme Court's decision, during which time he could have filed for a petition for a writ of certiorari to the U.S. Supreme Court. (Opp. at 9.)

The one-year period of the statute of limitations generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit, however, has held that section 2244(d)(1)(A) applies only to a "judgment of conviction and sentence" and to the "direct appellate review of that judgment," not to administrative decisions such as the denial of parole. Redd v. McGrath, 343 F.3d 1077, 1081–82 (9th Cir. 2003).

Petitioner's contentions in favor of statutory and equitable tolling are unavailing. Accordingly, respondent's motion is GRANTED, and the petition DISMISSED as untimely.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (Docket No. 6) is GRANTED. The petition is hereby DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

//

//

4

The Clerk shall enter judgment in favor of respondent, terminate the pending motion, and close the file.

This order terminates Docket No. 6.

**IT IS SO ORDERED**.

DATED: May 28, 2010

_____
SUSAN ILLSTON
United States District Judge